# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1198

_____

Pedro Aldaba Barrientos,          *
                                  *
            Petitioner,           *
                                  *  Petition for Review of
      v.                          *  an Order of the
                                  *  Board of Immigration Appeals.
Michael B. Mukasey,[1] Attorney General *
of the United States,             *      [UNPUBLISHED]
                                  *
            Respondent.           *

_____

Submitted: December 12, 2008
Filed:  January 8, 2009

_____

Before MELLOY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Pedro Aldaba Barrientos petitions for review of an order of the Board of
Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of
Barrientos's motion to reopen removal proceedings.  We deny the petition.

_____

[1]Michael. B. Mukasey has been appointed to serve as Attorney General of the
United States, and is substituted as respondent pursuant to Federal Rule of Appellate
Procedure 43(c).

Barrientos, charged with being removable, was notified that his removal hearing was scheduled for January 21, 2004, in Council Bluffs, Iowa. Prior to the hearing, Barrientos moved for permission to participate by telephone from his attorney's office in Des Moines, Iowa. On January 21, 2004, the IJ denied the motion for a telephonic hearing and entered an in absentia order finding Barrientos removable as charged. Barrientos moved to reopen, asserting that telephonic hearings were routinely granted, and that he had been present at his attorney's office on the day of the hearing and had been ready to participate. The IJ denied the motion to reopen, and the BIA affirmed without opinion.

After careful review, we conclude the denial of the motion to reopen was not an abuse of discretion because the mere submission of a motion for a telephonic hearing did not relieve Barrientos of the obligation to personally appear at the hearing, and Barrientos did not show exceptional circumstances to excuse his absence. See 8 U.S.C. § 1229a(b)(5)(C) (removal order issued in absentia may be rescinded upon motion to reopen, if alien demonstrates he did not receive proper notice of hearing or failure to appear was attributable to exceptional circumstances); 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances); Alanwoko v. Mukasey, 538 F.3d 908, 914 (8th Cir. 2008) (standard of review); cf. Tang v. Ashcroft, 354 F.3d 1192, 1195-96 (10th Cir. 2003) (submission of motion for change of venue did not excuse alien's failure to appear at hearing, and obligation to attend scheduled hearing continued unless and until IJ granted motion; burden of inquiry regarding status of motion remained on alien, and assuming that motion would be granted was not exceptional circumstance beyond alien's control).

Accordingly, we deny the petition for review.

_____